## Commonwealth v. Gorden

*Oscar F. Spicer*, for Commonwealth.
*Harry C. Stonesifer*, for defendant.

MacPHAIL, P. J., May 2, 1972.—This is an appeal from a summary conviction on a charge of speeding. At the time fixed for a hearing in court, defendant presented a petition for judgment of non pros. on the ground that the justice of the peace had failed to serve on or send to counsel for defendant a copy of his transcript. We took the motion under advisement and heard the case on its merits. We are satisfied from the testimony that defendant is guilty as charged.

In Commonwealth v. Leffler, 12 Adams Leg. J. 116 (1970), we held that the language of section 3(d) of the Act of December 2, 1968, (No. 355), 42 PS §3003, stating that the issuing authority shall serve personally or by certified mail a copy of the transcript on the attorney for defendant, or if there is no attorney, then upon defendant, was not mandatory. We reached this conclusion for two reasons: First, section 3(e) of the same statute provides that a judgment of non pros. shall be entered if the issuing authority fails to *file the transcript*, but says nothing about what shall be done if the issuing authority fails to serve a copy of his transcript on counsel; and, secondly, section 3(f) provides that when the *transcript is filed* the case *shall* be heard by the court de novo, again omitting any reference to the service of a copy of the transcript on counsel.

At the time we wrote the opinion in the Leffler case, supra, we were unaware of Commonwealth v. Fenster-

maker, 47 D. & C. 2d 341 (1969), which reached an opposite result on the same question. The court there noted the desirability of having the provisions of the Act of December 2, 1968, supra, strictly construed. See Little v. Cady (No. 2), 53 D. & C. 2d 609 (1970). With this we agree, but our problem is with the statute itself. If the legislature intended that an action could be dismissed or non prossed for failure to have a copy of the transcript served on counsel, one would think it would be so stated in the statute.

In the Rules of Civil Procedure for Justices of the Peace, the Supreme Court of Pennsylvania suspended that part of the Act of 1968, supra, pertaining to appeals from judgments of the justices of the peace in civil actions. In those rules of procedure (nos. 1005 and 1006) it is made clear that the service of notice *is* a prerequisite to perfecting an appeal and that an appeal will be stricken, in the absence of good cause shown, when appellant does not comply with the notice provisions. As we have noted, there is no similar provision in the language of the statute of 1968, supra, as it pertains to summary appeals in criminal matters.

Applying some of the pertinent provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, et seq. we are reminded that we should ascertain and effectuate the intention of the legislature (section 51), that the legislature intends that the entire statute shall be effective and certain (section 52), and that provisions of the law which do not fall within certain enumerated categories which are not applicable here shall be liberally construed to effect their objects *and to promote justice:* section 58. In the statute now before us, we are of the opinion that the legislative intent was that a prescribed course be followed in perfecting an appeal, that certain duties are enjoined upon appellant and upon the issuing authority and

that once the issuing authority has performed his primary duty of filing a transcript, the appeal could be heard. But the essential duty enjoined upon the issuing authority is the filing of his transcript! Notice that he has done so is not essential to a hearing of the appeal. The ends of justice are promoted and satisfied when the transcript is filed. See Commonwealth v. Schreiber, 52 D. & C. 2d 679 (1971), which is in accord with Commonwealth v. Leffler, supra.

In short, it is still our opinion that the omission in the statute, if indeed there is one, is a matter to be remedied by the legislature and, accordingly, we will enter the following order:

### ORDER OF COURT

And now, May 2, 1972, the petition for judgment of non pros. is refused. The court finds defendant guilty as charged. Unless a fine in the sum of $10 and the costs of prosecution are paid beforehand, defendant shall appear for the imposition of sentence on May 16, 1972, at 9:30 a.m.